# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                              )<br>            Respondent/Plaintiff,     )<br>      vs.                                                )<br>                                                              )<br>JOSEPH GRIEGO,                           )<br>                                                              )<br>            Petitioner/Defendant.     )<br>_____)  | Case No.: 2:15-cr-00260-GMN-CWH-1<br><br>**ORDER** |

Pending before the Court is Petitioner Joseph Griego's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 63). The Government filed a Response, (ECF No. 65), and Petitioner filed a Reply, (ECF No. 66). For the reasons discussed below, the Court **DENIES** Petitioner's Motion.

**I.      BACKGROUND**

On May 17, 2016, Petitioner pleaded guilty to Counts 1 and 2 of the Indictment: one count of Interference with Commerce by Robbery (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951(a); and one count of Discharging a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (*See* Mins. Proceedings, ECF No. 41); (J., ECF No. 55). The Court sentenced Petitioner to 26 months custody as to Count 1 and 120 months custody as to Count 2, for a total of 146 months custody, to be followed by 5 years supervised release. (Am. J., ECF No. 56).

In June 2019, the Supreme Court issued its decision in *United States v. Davis*, which considered the constitutionality of 18 U.S.C. § 924(c). 139 S. Ct. 2319 (2019). Section 924(c) generally prohibits the use or carrying of a firearm in relation to a "crime of violence," and it

1 imposes mandatory minimum sentences that must run consecutive to any other sentence. The

2 statute defines a "crime of violence" as:

> An offense that is a felony and (A) has an element the use, attempted use, or
> threatened use of physical force against the person or property of another, or (B)
> that by its nature, involves a substantial risk that physical force against the person
> or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Courts generally refer to the '(A)' clause of section 924(c)(3) as the 'force clause' and to the '(B)' clause of section 924(c)(3) as the 'residual clause.'" *United States v. Bell*, 158 F. Supp. 3d 906, 910 (N.D. Cal. Jan. 28, 2016). In *Davis*, the Supreme Court struck down the residual clause as unconstitutionally vague. 139 S. Ct. at 2335–36 (2019).

On June 17, 2020, Petitioner filed the present Motion, challenging the validity of his conviction for Discharging a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) in light of *Davis*. (*See generally* Mot. Vacate, ECF No. 63).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the sentencing Court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). "[A] district court may deny a Section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

### III. DISCUSSION

#### A. *Davis* Claim

Petitioner claims that his conviction for Discharging a Firearm During a Crime of Violence should be vacated because, in light of *Davis*, he did not commit a crime of violence. (Mot. Vacate 1:18–26). Petitioner explains that the underlying crime of violence for his §924(c) conviction is Hobbs Act Robbery, which only qualified as a crime of violence under the now unconstitutional residual clause. (*Id.* 2:20–3:2). Petitioner argues that Hobbs Act Robbery does not qualify as a crime of violence under § 924(c)'s remaining force clause, and thus, he did not commit the crime of violence necessary to be convicted under § 924(c). (*Id.* 3:3–20, 7:18–14:9).

However, the Ninth Circuit has unequivocally held that Hobbs Act Robbery constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A)'s force clause. *United States v. Dominguez*, 954 F.3d 1251, 1255, 1262 (9th Cir. 2020) ("Hobbs Act Robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A) . . . because it's a felony that 'has an element the use, attempted use, or threatened use of physical force against the person or property of another.'"); *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) ("Robbery indisputably qualifies as a crime of violence.").[1] Since Hobbs Act Robbery is a crime of violence, Petitioner's § 924(c) conviction for Discharging a Firearm During a Crime of Violence is proper. Accordingly, the Court denies Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

---

[1] A petition for certiorari has been filed in *Dominguez*. However, the appeal only challenges the Ninth Circuit holding that *attempted* Hobbs Act Robbery is a crime of violence, not that *completed* Hobbs Act Robbery is a crime of violence. *See Dominguez v. United States*, 954 F.3d 1251 (9th Cir. 2020), *petition for cert filed*, (No. 20-1000). Because the present case concerns a completed Hobbs Act Robbery, any final disposition of *Dominguez* will not affect this Order. (*See* Indictment, ECF No. 1) (charging Defendant with Hobbs Act Robbery, not attempted Hobbs Act Robbery).

**B. Certificate of Appealability**

To proceed with an appeal of this Order, the Court must issue a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court therefore denies Petitioner a certificate of appealability.

**IV.   CONCLUSION**

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 63), is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this ___9___ day of November, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court